MATTER OF GUPTA

In Section 212 (e) Proceedings

A–12151065

*Decided by Deputy Associate Commissioner February 20, 1970*

"Exceptional hardship" within the meaning of section 212(e) of the Immigration and Nationality Act is established by an exchange alien whose United States citizen child, during a prior visit to the country of applicant's nationality, suffered exceptional hardship because of medical illnesses and disorders due to unfavorable climatic conditions and unavailability of food to which accustomed, since it is reasonable to assume that return to the same country would again impose exceptional hardship upon the child.

The decision of the Regional Commissioner on November 3, 1969, dismissing the appeal from the decision of the District Director denying the subject's application for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, on the ground that exceptional hardship had not been established, has been certified to me for review pursuant to 8 CFR 103.4.

The applicant, Surendra Kumar Gupta, a thirty-four year old college professor, is a native and citizen of India. He was admitted to the United States as a nonimmigrant student on September 20, 1962 and changed his status to that of an exchange alien on December 13, 1962 to participate in a private exchange program sponsored by The Johns Hopkins University as a graduate student in the History Department. He is married to Swarna Keshi Gupta, a native and citizen of India, who was admitted to the United States as the spouse of an exchange alien. The application for waiver included his wife. They have two United States citizen children, Archana born May 10, 1966 in Baltimore, Maryland and Shailendra born December 19, 1968 in Fort Scott, Kansas. The family now resides in Pittsburg, Kansas.

Section 212(e) provides, in part, as follows:

. . . upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or

of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest . . .

The applicant claims that his two United States citizen children will suffer exceptional hardship if he and his wife are required to depart to India. This claim is based upon medical problems encountered by his daughter, Archana, during a visit to India covering the period from September 16, 1967 to April 6, 1968. A letter from a Dr. Verma in India certifies that he treated Archana during the latter part of 1967 and early 1968 for the following ailments:

1. On September 27, 1967, she had a mosquito bite which resulted in a rash all over the body and was allergic in nature. The allergy appeared to be of a relatively permanent nature and not a passing phenomena due only to the particular mosquito bite. Allergens were administered to Archana to substantiate the fact of the allergy.

2. From November 19th. to November 24th, 1967, Archana suffered an attack of allergic bronchitis, fever, cold and wheezing of the chest and intermittent diarrhoea. Although the cause of this attack was not determined, it was established that the symptoms were allergic in nature.

3. From March 1st. to March 28th. 1968 she suffered from Pyrexia Unuiaun Origin. During this period she was under constant medical treatment until Archana and her mother left Dehra Dun.

He expressed the opinion that the illnesses were due to food and climatic conditions in India and concluded that owing to the unsuitable climate and the nature of the food available in India, she would have continuing difficulties if she were to reside in India. A letter was also presented from a Dr. Agrawal in India who certified as follows:

Baby Archana D/O. Mr. S. K. Gupta was examined by me on October 16, 1967 for Urtiarial Rashes and Asthma. The rash was allergic and subsided with usual antihistaminics and Corticosterds. Her Asthma, however, proved recalcitrant. Sibilant Rhonchi were noted at the bases on the last visit of the child on Feb. 1968.

Since a proper coverage of the drugs was not possible due to her too frequent visits from one city to another, she had three such attacks during her stay in Mathura.

The child also suffered from frequent Gastro-intestinal upsets which, I personally feel, were due to the non-availability of the food she was accustomed to in States.

Evidence has been submitted to establish that Archana has had medical problems while in the United States. On June 27,

1969, Dr. E. G. Kettner of Kansas City, a designated United States Public Health Service Doctor, certified that he had physically examined Archana and that chest x-ray was negative, that he had reviewed her medical history and that he could see no reason why she should have to remain in the United States.

It is self-evident that a child of tender age such as Archana would have to accompany her parents if they departed from the United States. Her parents have no one with whom to leave her in the United States nor the funds to support a separated family.

The basic issue to be resolved is whether Archana's departure to and residence in India would impose upon her the exceptional hardship contemplated by the statute. As may be noted from the foregoing, the Service is faced with a divergency of medical opinion on this issue. On the basis of the medical certifications, it is determined that Archana did suffer exceptional hardship while in India in 1967 and 1968 because of lack of availability of food to which she was accustomed and because of the climatic conditions in India. It appears reasonable to assume that her return to India would again impose exceptional hardship upon her.

In view of the foregoing, it has been determined that compliance with the foreign residence requirement of section 212(e) by Surendra and Swarna Gupta would impose exceptional hardship upon their United States citizen child, Archana. The Secretary of State has recommended that the foreign residence requirement be waived. It is found that the admission of the applicants would be in the public interest.

ORDER: It is ordered that the application of Surendra Kumar Gupta for a waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, for himself and his wife Swarna be granted.